IN THE 21ST JUDICIAL CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| ALYSSA BOYCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: |
| v. ) | |
| ) | |
| SAFECO INSURANCE OF ILLINOIS ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Serve:** ) | |
| **CSC-Lawyers Incorporating Service Co.** ) | |
| **221 Bolivar St** ) | |
| **Jefferson City, Missouri 65101** ) | |
| ) | |
| Defendant. ) | |

## **PETITION**

COMES NOW Plaintiff Alyssa Boyce, by and through her undersigned counsel, and for her causes of action against Defendant Safeco Insurance of Illinois states as follows:

### **The Parties**

1. Plaintiff Alyssa Boyce ("Plaintiff") is an individual residing in St. Louis County, Missouri.

2. Defendant Safeco Insurance Company of Illinois ("Safeco") is a corporation engaged in the business of issuing insurance policies.

3. Upon information and belief, the Missouri Department of Insurance authorizes Safeco Insurance Company of Illinois to issue policies of automobile insurance in St. Louis County, Missouri.

### **Jurisdiction and Venue**

4. Jurisdiction is proper within this judicial circuit pursuant to Missouri Revised Statute §375.1806 because Plaintiff was a resident of St. Louis County, Missouri at the time she was first insured by an underinsured motorist outside the State of Missouri.

1

5. Venue if proper before this Court because Plaintiff's damages exceed $25,000.00.

## The Policy

6. Prior to September 1, 2018, Plaintiff purchased an automobile insurance policy from Liberty Mutual that provided a variety of coverages, including but not limited to underinsured motorist coverage ("UIM coverage"), and medical expense coverage "(Medpay coverage").

7. Safeco issued automobile insurance policy number Z4791198 (the "Policy") that provided the aforementioned coverages to.  A true and accurate copy of the Policy is attached hereto as **Exhibit 1.**

## Allegations Common To All Counts

8. On September 1, 2018, Plaintiff was a passenger in a vehicle that was involved in a collision at the intersection of Buena Vista Drive and Bonnet Creek Parkway with a Ford Mustang in Orlando, Florida.

9. Plaintiff was a passenger in a vehicle traveling on Buena Vista Drive, Orlando, Florida and was approaching the intersection of Bonnet Creek Parkway and was stopped for traffic.

10. A Ford Mustang was traveling westbound on Buena Vista Drive approaching the intersection of Bonnet Parkway when he failed when he rear-ended Plaintiff's vehicle.

11. At the time and place of the Crash, the driver of the Ford Mustang had a duty to operate his vehicle with the degree of care that an ordinarily careful person would in the same or similar circumstances.

12. At the time and place of the Crash, the driver of the Ford Mustang had a duty to follow the Florida Rules of the Road.

13. The driver of the Ford Mustang owed all foregoing duties to all individuals using the roadways in Florida, including Plaintiff, to protect everyone from the unsafe operation of the

Ford Mustang.

14.     The foregoing duties were established for the protection of all individuals using the roadways in the State of Florida.

15.     The driver of the Ford Mustang breached his duty to Plaintiff by failing to operate his vehicle with ordinary care.

16.     The driver of the Ford Mustang breached his duty to Plaintiff by failing to follow the Florida Rules of the Road.

17.     The driver of the Ford Mustang's negligent actions and omissions, as particularly set forth above, were the direct and proximate cause for Plaintiff's  to sustain severe, permanent, and progressive injuries to her head, neck, shoulders and back.

18.     The driver of the Ford Mustang's negligent actions and omissions were the direct and proximate cause for Plaintiff to endure significant pain and suffering, and she will continue to endure significant pain, suffering, and loss of enjoyment of her life for the foreseeable future.

19.     The driver of the Ford Mustang's negligent actions and omissions directly caused or directly contributed to cause Plaintiff to require future medical care and medical costs to treat her injuries.

20.     Plaintiff's injuries were foreseeable injuries within the risk created by the driver of the Ford Mustang's negligent actions and omissions, as particularly set forth above

## COUNT I
**Breach of Contract**

21.     Plaintiff repleads, restates, and reasserts all preceding paragraphs, incorporating the same by reference as if set forth herein in their entirety.

22.     On the date of the Crash, Plaintiff was insured under the Policy, as issued by Safeco.

23.     On the date of the Crash, the Policy was in full force and effect.

3

24. The Policy is a valid and binding contract between Plaintiff and Safeco.

25. As of the date of the Crash, all required premiums for the Policy had been.

26. As Plaintiff's damages exceed the coverages available for an underinsured motorist, the driver of the Ford Mustang is also an "underinsured motorist" pursuant to the definitions of the Policy.

27. The Policy provided that Safeco would pay all sums which Plaintiff shall be entitled for damages caused by an underinsured motorist.

28. Plaintiff was made a written claim for payment to Safeco, pursuant to the underinsured coverages of the Policy.

29. Plaintiff has followed all of her obligations, as set forth within the Policy, and complied with all of Safeco's requests in investigating the Crash and Plaintiff's injuries.

30. Safeco has refused to pay Plaintiff the amounts due to her under the terms and conditions of the Policy, thus breaching its contract with Plaintiff.

WHEREFORE, Plaintiff Alissa Boyce prays for this Court to enter is judgment in his favor and against Defendant Safeco Insurance Company of Illinois in an amount in excess of $25,000.00, which is determined by a jury at the trial of this matter, awarding to Plaintiff his reasonably attorney's fees, court costs, prejudgment interest, and such further relief this Court deems reasonable and proper. Plaintiff demands a trial by jury on all issues that may submitted.

### COUNT II
### Vexatious Refusal

31. Plaintiff repleads, restates, and reasserts all preceding paragraphs, incorporating the same by reference as if set forth herein in their entirety.

32. Prior to filing this action, Plaintiff served a claim for payment of UIM coverage benefits on Safeco.

4

33. Safeco has denied Plaintiff's demand for payment and refused to consider the totality of the medical result made necessary as a result of the Crash, arbitrarily and capriciously assigning monetary values to Plaintiff's medical care and personal harms.

34. Plaintiff provided to Safeco medical records from licensed medical providers that state the injuries to her head, neck, shoulders and back were caused by the Crash on September 1, 2018.

35. Plaintiff has complied with every term, stipulation, and condition required of him under the provisions of her automobile insurance policy that entitles him to collect "underinsured motorist" benefits from the Policy, but Safeco has refused Plaintiff's demand.

36. Safeco has a responsibility to treat its insureds fairly.

37. Safeco has a responsibility to consider an insured's claim promptly.

38. Safeco has a responsibility to put an insured's own financial interests ahead of its own.

39. Safeco has an internal policy to treat its insureds fairly.

40. Safeco has an internal policy to consider an insured's claim promptly.

41. Safeco's refusal to pay is without cause and is vexatious in that Safeco is wholly refusing to consider the validity of Plaintiff's claim, refusing to consider medical evidence, and assigning arbitrary and capricious values to Plaintiff's damages.

42. Safeco has placed its own financial interests ahead of those of its customer, Plaintiff, in the evaluation of Plaintiff's claim for payment.

43. Safeco's refusal to pay the full and complete value of Plaintiff's claim is vexatious and without reasonable cause or excuse.

44. More than thirty days have elapsed between the date Plaintiff presented his claim for payment under the UIM benefits of the Policy and the date of the filing of this Petition.

WHEREFORE, Plaintiff Alissa Boyce prays for this Court to enter is judgment in her favor and against Defendant Safeco Insurance a Liberty Mutual Company as provided for within Missouri Revised Statutes §375.296 and §375.420, awarding to Plaintiff her reasonably attorney's fees, court costs, additional damages allowed by statute, and such further relief this Court deems reasonable and proper. Plaintiff demands a trial by jury on all issues that may submitted.

                        O'LEARY, SHELTON, CORRIGAN,
                        PETERSON, DALTON & QUILLIN, LLC

By    */s/James T. Corrigan*
        James T. Corrigan   #45127
        1034 S. Brentwood Blvd., 23rd Floor
        St. Louis, MO 63117
        314-405-9000 telephone
        314-405-9999 facsimile
        corrigan@osclaw.com

*Attorneys for Plaintiff*